**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TRAVIS L. SCHROEDER and CHASITY D. SCHROEDER,** | ) ) | No. 07-41472 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| **TOWER LOAN OF PERRYVILLE,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **TRAVIS L. SCHROEDER, CHASITY D. SCHROEDER and BOB KEARNEY, Trustee,** | ) ) | |
| | ) | |
| Respondents. | ) | |

**O P I N I O N**

Prior to filing their Chapter 13 case in Bankruptcy, the Debtors, Travis L. Schroeder and Chasity D. Schroeder (Debtors), entered into a security agreement with Tower Loan of Perryville (Creditor) granting the Creditor a security interest in the following items:

> ILO 32 inch Color TV with Remote
> Emerson VCR with Remote
> Magnavox DVD/VCR Combo with Remote
> Emerson 13 inch Color TV with Remote
> Sony PlayStation II Game System

The Debtors filed their Chapter 13 case and then filed a motion under § 522 of the Bankruptcy Code, 11 U.S.C. § 522, to avoid the Creditor's nonpossessory, nonpurchase-money security interest in household goods. The Creditor responded by asserting that under § 522(f)(4)(A) the Debtors' claim of exemptions was limited to one TV and one VCR, and as to the remaining items the security interest could not be avoided.

The Debtors then filed an amended motion stating that only the ILO TV and the Emerson

VCR were still in their possession as the other items wore out and were discarded.  At the hearing on the amended motion, the Creditor argued that the security agreement required the used security to be returned to the Creditor and as the Debtors failed to do so, but discarded them, they lost the right to avoid the lien in the remaining TV and VCR.

In pertinent part § 522(f) provides as follows:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–
> * * *
>> (B) a nonpossessory, nonpurchase-money security interest in any–
>>> (i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.
>> * * *
> (3) In a case in which State law that is applicable to the debtor–
> (A) permits a person to voluntarily waive a right to claim exemptions under subsection (d) or prohibits a debtor from claiming exemptions under subsection (d); and
> (B) either permits the debtor to claim exemptions under State law without limitation in amount, except to the extent that the debtor has permitted the fixing of a consensual lien on any property or prohibits avoidance of a consensual lien on property otherwise eligible to be claimed as exempt property;
> the debtor may not avoid the fixing of a lien on an interest of the debtor or a dependent of the debtor in property if the lien is a nonpossessory, nonpurchase-money security interest in implements, professional books, or tools of the trade of the debtor or a dependent of the debtor or farm animals or crops of the debtor or a dependent of the debtor to the extent the value of such implements, professional books, tools of the trade, animals, and crops exceeds $5,475.
> (4)(A) Subject to subparagraph (B), for purposes of paragraph (1)(B), the term "household goods" means–
> * * *
>> (v) 1 television;
>> (vi) 1 VCR

Subject to the provisions of § 522(f)(3), § 522(f)(1)(B) clearly authorizes a debtor to avoid a lien on nonpossessory, nonpurchase-money security interest in household goods.  The term

"household goods" is defined in § 522(f)(4)(A) and limits the avoidance to one TV and one VCR. The right of avoidance is subject to the provisions set forth in § 522(f)(3), which does not condition the right to avoid a lien by requiring the Debtors to be in compliance with the terms of the security agreement.

The Creditor cited no cases setting forth any theory for making compliance with the security agreement a condition for avoiding the lien. Nor could this Court find any such cases. Therefore the Debtors' amended motion should be allowed and the lien avoided as to the ILO TV and the Emerson VCR.

A separate Order will be entered.


ENTERED: June 5, 2008

                                                 /s/ William V. Altenberger
                                        UNITED STATES BANKRUPTCY JUDGE